UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL ELECTION COMMISSION,<br>999 E Street, N.W.<br>Washington, DC 20463<br><br>Plaintiff,<br><br>v.<br><br>TZVI ODZER (a.k.a. STEVE ODZER)<br>67 34th Street<br>Brooklyn, NY 11232<br><br>Defendant. | Civ. No. CV 05 3101<br><br>COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER APPROPRIATE RELIEF<br><br>GERSHON<br><br>LEVY, M.J. |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER APPROPRIATE RELIEF

1. This suit arises from Tzvi Odzer's ("Odzer") December 22, 1999, May 1, 2000, and June 30, 2000 campaign contributions to Friends of Weiner ("Weiner Committee"), Anthony D. Weiner's principal campaign committee for his 2000 campaign for a seat in the United States House of Representatives. On June 30, 2000, Odzer gave the Weiner Committee separate $2,000 checks in the name of each of his three children totaling $6,000. These contributions were made in a knowing and willful attempt to circumvent the statutory limits on the amount he could individually contribute. In so doing Odzer gave an excessive contribution and also violated the statutory prohibition on contributing to a political committee in the name of another.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this suit pursuant to 28 U.S.C. 1345 as an action brought by an agency of the United States expressly authorized to sue by an act of Congress. See 2 U.S.C. 437d(a)(6) and 437g(a)(6).

3. This action seeks declaratory, injunctive and other appropriate relief pursuant to the express authority granted to the Federal Election Commission ("Commission") by the Federal Election Campaign Act of 1971("the Act"), as amended (codified at 2 U.S.C. 431-455).

4. Venue is properly found in the Eastern District of New York in accordance with 28 U.S.C. 1391(b), and 2 U.S.C. 437g(a)(6)(A). All or a substantial part of the events giving rise to the claims in this action occurred in this district. Odzer resides and transacts business in this district. The recipient of the funds giving rise to the claims in this action, the Weiner Committee, was the principal campaign committee of Representative Anthony D. Weiner for his 2000 campaign in the Ninth Congressional District, which is within the Eastern District of New York.

## PARTIES

5. Plaintiff, the Commission, is the independent agency of the United States government with exclusive jurisdiction over the administration, interpretation and civil enforcement of the Act. See generally 2 U.S.C. 437c(b)(1), 437d(a), and 437g. The Commission is authorized to institute investigations of possible violations of the Act, 2 U.S.C 437g(a)(1) and (2), and has exclusive jurisdiction to initiate civil actions in the United States district courts to obtain judicial enforcement of the Act, 2 U.S.C. 437c(b)(1) and 437d(e).

6. Odzer was, at all relevant times, a resident of the Eastern District of New York.

## ADMINISTRATIVE PROCEEDINGS

7. This matter was generated by the findings of an audit of the Weiner Committee's activities between January 1, 1999 and December 31, 2000 conducted by the Commission pursuant to the authority granted by 2 U.S.C. 438(b).

8. On March 9, 2004, the Commission, by an affirmative vote of at least four of its members, determined that there was reason to believe that Odzer had violated 2 U.S.C. 441a(a)(1)(A) (2000) by making excessive contributions, and 2 U.S.C. 441f by making contributions in the name of another.[1] On March 19, 2004 the Commission's Chairman notified Odzer of these findings and provided a Factual and Legal Analysis that formed its basis.

9. On October 28, 2004, the Commission's General Counsel notified Odzer that the General Counsel was prepared to recommend the Commission find probable cause to believe that Odzer had knowingly and willfully violated 2 U.S.C. 441a(a)(1)(A) by making excessive contributions, and 2 U.S.C. 441f by making a contribution in the name of another. At that time, the General Counsel also provided Odzer with a brief that stated the position of the General Counsel on the relevant factual and legal issues supporting the General Counsel's recommendations, as well as copies of relevant evidence. A cover letter accompanying the brief explained that any brief that Odzer submitted to the Secretary of the Commission would be considered by the Commission

---

[1] All references to 2 U.S.C. 441a are to the statute as it was in effect at the time of the alleged violations. The Bipartisan Campaign Reform Act of 2002, Pub. L. No. 107-155, subsequently amended this section and raised the individual contribution limit from $1,000 per election to $2,000 per election.

3

before proceeding to a vote on whether there was probable cause to believe that a violation had occurred.

10. Odzer failed to file a written response to the General Counsel's brief providing either the Commission or General Counsel with any explanation of the actions described in the General Counsel's brief.

11. On January 7, 2005, the Commission, by an affirmative vote of at least four of its members, found probable cause to believe that Odzer had knowingly and willfully violated 2 U.S.C. 441a(a)(1)(A) by making excessive contributions, and 2 U.S.C. 441f by making a contribution in the name of another, in connection with three checks Odzer wrote to the Weiner Committee in the name of his children.

12. On January 11, 2005, the General Counsel sent a letter to Odzer notifying him of the Commission's January 7, 2005 action and providing a proposed conciliation agreement. The Commission thereafter endeavored for a period of not less than thirty (30) days to correct the violations by informal methods of conference, conciliation and persuasion, and to enter into a conciliation agreement with Odzer pursuant to 2 U.S.C. 437g(a)(4)(A)(i).

13. The Commission has entered into a conciliation agreement with the Weiner Committee and Ira Spodek as its treasurer, dated June 16, 2004. The agreement included the Commission's finding that the Weiner Committee violated the Act by accepting excessive contributions, including the $6,000 in excessive contributions from Odzer that is the subject of this action. The Weiner Committee paid a $47,000 civil penalty for this and other violations. The Weiner Committee has refunded to Odzer the $6,000 in excessive contributions it had received from him.

14. The Commission was unable through informal methods to secure an acceptable conciliation agreement with Odzer. The Commission determined on June 21, 2005, by affirmative votes of at least four of its members, to authorize the initiation of this civil suit for relief in federal district court against Odzer. See 2 U.S.C. 437g(a)(6).

15. The Commission has satisfied all of the jurisdictional requirements under the Act that are prerequisites to filing this action against Odzer. See 2 U.S.C. 437g(a).

## RELEVANT STATUTORY PROVISIONS

16. At the time of the events in this case, the Act prohibited individuals from making contributions in excess of $1,000, in aggregate, to any candidate and his or her authorized political committee with respect to any election for Federal office. 2 U.S.C. 441a(a)(1)(A). Thus, in a single election cycle with a primary election and a general election, an individual could contribute $1,000 for each election, for a total of $2,000.

17. The Act prohibits any person from making contributions in the name of another person, or knowingly permitting his or her name to be used to effect such a contribution. 2 U.S.C. 441f.

18. At the time of Odzer's contributions, all violations of the Act that were committed knowingly and willfully could be punished by a civil penalty up to the greater of $11,000 or 200% of the violation. 2 U.S.C. 437g(a)(6)(C) (2000); 11 C.F.R. 111.24(a) (2000).[2]

---

[2] All references to 2 U.S.C. 437g(a)(6)(C) are to the statute as it was in effect at the time of the alleged violations. The Bipartisan Campaign Reform Act of 2002, Pub. L. No. 107-155, subsequently amended this section and raised the penalty for a knowing and willful violation of 441f to not less than 300% of the amount involved in the violation and not more than the greater of $50,000 or 1000% of the amount involved. See 2 U.S.C. 437g(a)(6)(C) (2005).

## FACTUAL BACKGROUND

19. On February 3, 1999 and March 20, 2000, Odzer gave Friends of Mike Forbes, the authorized political committee of Mike Forbes, contributions of $1,000 and $2,000 respectively.

20. On March 31, 2000, Friends of Mike Forbes refunded the $1,000 that Odzer contributed in excess of the maximum individual contribution of $1,000 permitted by 2 U.S.C. 441a(a)(1)(A) (2000) for the then upcoming general election.

21. On December 22, 1999, Odzer gave the Weiner Committee one check for $1,000 for the primary campaign and on May 1, 2000, Odzer gave the Weiner Committee an additional of check for $1,000 for the general election. Each check represented the maximum contribution permitted under 2 U.S.C. 441a(a)(1)(A) (2000).

22. On June 30, 2000, Odzer wrote three $2,000 checks, totaling $6,000, to the Weiner Committee drawn from his personal checking account. Each of the three June 30, 2000 checks was signed "Tzvi Odzer" and bore the name of one of Odzer's children in the "for" line: David Odzer, Natanel Odzer, or Stephanie Odzer.

23. An audit conducted by the Commission of the Weiner Committee's activities between January 1, 1999 and December 31, 2000 revealed that when the Weiner Committee received these checks, it recorded these contributions as having been made by Odzer's children, not Odzer.

## FIRST CAUSE OF ACTION

24. Paragraphs 1 through 22 are incorporated herein by reference.

25. Odzer violated 2 U.S.C. 441a(a)(1)(A) (2000) by making contributions to the Weiner Committee in excess of the $1,000 limit on the contribution an individual

6

could make to any candidate and his or her authorized political committee with respect to any election.

26. The violation of 2 U.S.C. 441a(a)(1)(A) alleged in Paragraph 24 was knowing and willful within the meaning of 2 U.S.C. 437g(a)(6).

## SECOND CAUSE OF ACTION

27. Paragraphs 1 through 22 are incorporated herein by reference.

28. Odzer violated 2 U.S.C. 441f (2000) by making contributions to the Weiner Committee in the name of another, i.e., his children, David Odzer, Natanel Odzer, and Stephanie Odzer.

29. The violation of 2 U.S.C. 441f alleged in Paragraph 27 was knowing and willful within the meaning of 2. U.S.C. 437g(a)(6).

## REQUEST FOR RELIEF

Wherefore, plaintiff Federal Election Commission requests that this Court:

A. Declare that Odzer knowingly and willfully violated 2 U.S.C. 441a(a)(1)(A) by making contributions to an authorized political committee in excess of the $2,000 permitted by the Act in the aggregate for a primary and general election by contributing a total of $8,000 to the Weiner Committee on December 22, 1999 ($1,000), May 1, 2000 ($1,000) and June 30, 2000 ($6,000);

B. Declare that Odzer knowingly and willfully violated 2 U.S.C. 441f by making contributions to a political committee in the name of another by making contributions the Weiner Committee in the names of his children David Odzer, Natanel Odzer, and Stephanie Odzer;

C.  Permanently enjoin Odzer from making excessive contributions in violation of 2 U.S.C. 441a(a)(1)(A), and from making contributions in the names of others in violation of 2 U.S.C. 441f;

D.  Assess an appropriate civil penalty against Odzer for each violation that Odzer is found to have committed, not to exceed the greater of $11,000 or 200% of the amount of the contribution involved for each violation found to be knowing and willful, and not to exceed the greater of $5,000 or the amount of the contribution involved for each violation not found to be knowing and willful. See 2 U.S.C. 437g(a)(6)(B),(C) (2000) 11 C.F.R. 111.24(a) (2000);

E.  Grant Plaintiff Federal Election Commission such other relief as may be appropriate.

Respectfully submitted,

Lawrence H. Norton
General Counsel

Richard B. Bader
Associate General Counsel

David Kolker (DK 7545)
Assistant General Counsel

Greg J. Mueller (GM 9781)
Attorney

FOR THE DEFENDANT
FEDERAL ELECTION
COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650

June 27, 2005

8